UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA H., <br><br>  Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br>  Defendant. | CASE NO. C19-0031-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1959.[2] She has an 11th-grade education, and has worked as

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

a restaurant server and banquet server. (AR 46, 57-58.)

Plaintiff applied for DIB in March 2015. (AR 70, 135-36.) That application was denied and Plaintiff timely requested a hearing. (AR 89-91, 93-98.)

On November 27, 2017, ALJ Ilene Sloan held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 25-69.) On February 15, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 11-19.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 16, 2018 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between her alleged onset and date last insured (DLI). (AR 13.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's obesity, status post cervical spine fusion with stenosis, early acquired scoliosis, and degenerative disc disease with facet arthropathy was severe. (AR 14.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 14-15.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: she can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl. (AR 15.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a waitress and caterer's helper. (AR 18.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 18-19.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, (2) discounting her husband's letter, and (3) discounting her treating doctor's opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

## Subjective symptom testimony

The ALJ discounted Plaintiff's testimony for a number of reasons: (1) the objective evidence did not corroborate Plaintiff's allegations of disabling limitations; (2) her activities were inconsistent with her allegation of disability; (3) Plaintiff stopped working for reasons unrelated to her impairments, and her condition had not deteriorated since she was laid off; and (4) Plaintiff's receipt of unemployment benefits contradicted her allegation that she is disabled.[3] (AR 16-17.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff objects to the ALJ's first reason on the grounds that an ALJ is not a doctor, and thus is not qualified to consider whether the objective medical evidence corroborates her allegations. Dkt. 8 at 5. This argument is inconsistent with the agency's regulatory scheme and guidance, which instructs the ALJ to consider whether a claimant's testimony is consistent with the medical record. *See, e.g.*, 20 C.F.R. § 404.1529; Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) ("A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms."). Although Plaintiff emphasizes in her briefing (Dkt. 8 at 6) that she underwent surgeries for her medical conditions, the ALJ acknowledged as much (AR 16) and the fact that Plaintiff had surgeries in the past does not necessarily suggest that her condition remained at the same level that required surgical intervention. Plaintiff has not shown that the ALJ erred in considering whether Plaintiff's

---

[3] The Commissioner does not defend the ALJ's reasoning with regard to unemployment benefits. Dkt. 10. Assuming this line of reasoning was erroneous, it is nonetheless harmless in light of the other valid reasons the ALJ provided. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

allegations of disabling impairments were consistent with the normal and mild findings in the record, along with other factors.

The ALJ also properly considered Plaintiff's work history in assessing her allegations. The ALJ noted that Plaintiff reported to providers that she stopped working after being laid off following a change of management. (AR 17 (citing AR 379, 421).) This explanation for the end of her employment does not suggest that Plaintiff's impairments are the primary reason why she cannot work, which undermines her disability claim. *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). Plaintiff argues that the ALJ's findings in this regard are not supported by substantial evidence (Dkt. 8 at 6-7), but does not explain why her reports of layoff due to a change in management are not sufficient to support the ALJ's finding. Plaintiff emphasizes her hearing testimony regarding her difficulty performing her job (Dkt. 11 at 3 (citing AR 47-51)), but cites no authority requiring an ALJ to credit statements made at the hearing over statements made at other times. Plaintiff's inconsistent statements regarding the reason why she stopped working support the ALJ's conclusion. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (holding that the ALJ did not err in discounting claimant's testimony based on his report that he stopped working because he was laid off rather than because he was injured).

Finally, the ALJ discounted Plaintiff's description of disabling impairments in light of evidence she was able to engage in activities inconsistent with those allegations. (AR 16-17.) The ALJ cited Plaintiff's ability to *inter alia* act as the "predominant caregiver" for her young grandson on a full-time basis as well as volunteer at a food bank. (AR 16.) This finding is supported by substantial evidence. (*See* AR 296 ("She is able to care for her 2 year old grandson. This brings

her joy to be around him and babysit."), 322 ("She continues to care for [grandson] every day and enjoys spending time with him."), 347 ("She continues to watch her grandchildren every day and says they are a source of great inspiration for her to continue with her taper."), 356 ("[Plaintiff] is predominant caregiver for grandchild"), 371 ("She is a full-time day care provider for grandchild, something she very much enjoys."), 379 ("[Plaintiff] has been spending considerable time [] baby-sitting."), 384 (same), 398 (same), 405 (Plaintiff caring for seven-week-old grandson), 412 (Plaintiff "spending considerable time [] baby-sitting"), 454 (listing "childcare activities (grandmother [] role)"), 459 (Plaintiff is able to care for her 2-year-old grandson), 464 (same), 551 (Plaintiff has high "life role function" as "caring for her grandchildren"), 559 (Plaintiff "has done some volunteering at food bank"), 572 (Plaintiff "volunteering for Good Neighbors Ass'n (distributing food to individuals and institutions)").)

Although Plaintiff argues that the ALJ merely assumed that her childcare and volunteer activities were inconsistent with her disability allegation, this inference is reasonable in light of the discrepancy between the nature of the activities and the extreme limitations she alleged. Dkt. 8 at 9-10. For example, Plaintiff alleged that she could not lift anything heavier than a cup of coffee (AR 226), yet she brought her grandson to two of her own medical appointments (when he was an infant and toddler) and told her doctors she took care of him every day. (*See, e.g.*, AR 322, 379.) During the same appointment where Plaintiff reported volunteering at a food bank, she also told her doctor that she was "feeling better and functioning well[,]" and thus wanted to maintain her current pain medication regimen. (AR 572.) Even without seeking additional clarification about Plaintiff's activities, the ALJ reasonably interpreted her childcare and volunteer activities to be inconsistent with her allegation of disability. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

(2) "meet the threshold for transferable work skills"). Although Plaintiff attempted to minimize her childcare responsibilities at the administrative hearing (AR 53), the ALJ did not err in relying on the multitude of statements she made to providers describing her childcare role as more expansive. (*See* AR 296, 322, 347, 356, 371, 379, 384, 398, 405, 412, 454, 459, 464, 551.)

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's allegations, the ALJ's assessment is affirmed.

## Lay statement

Plaintiff's husband, Scott Lane, wrote a letter describing his wife's symptoms and limitations. (AR 261-62.) The ALJ summarized Mr. Lane's statement and stated that she gave it little weight because the record showed that Plaintiff's condition had remained stable since the time she had last worked, and that she had stopped working for reasons unrelated to her impairments. (AR 18.)

Plaintiff contends that this reasoning is not germane, as is required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Specifically, Plaintiff argues that the record does not support the ALJ's reasoning, but instead supports Mr. Lane's statement that Plaintiff "worked as long as she could despite severe back pain until she simply no longer could do so." Dkt. 8 at 13.

As discussed above, the record shows that Plaintiff reported to her providers at the time that she stopped working because she was laid off due to a change in management. (*See* AR 379, 421.) The record also corroborates the ALJ's finding that Plaintiff's symptoms had remained stable since before she stopped working. (*See, e.g.*, AR 315 (July 2014 report that Plaintiff's symptoms had been stable for the past four years), 339 (January 2014 note describing improvement

in Plaintiff's symptoms and functioning since 2013).) Although Plaintiff focuses on her own testimony that contradicts her reports to her doctors about why she stopped working, as explained above, the ALJ did not err in discounting Plaintiff's hearing testimony. Thus, the ALJ did not err in characterizing Mr. Lane's statement as inconsistent with the record, or in discounting it on that basis. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

## Medical evidence

Plaintiff's treating doctor David Tauben, M.D., submitted two statements in support of her disability claim. (AR 591-98.) The ALJ summarized Dr. Tauben's findings and explained why she gave them little weight:

> Dr. Tauben indicated that the claimant could not lift or carry any weight. He opined that the claimant could only stand or sit for 15 minutes before needing to change position. Dr. Tauben indicated that the claimant could lift less than five pounds. He opined that the claimant was permanently disabled. The limitations opined by Dr. Tauben are rather extreme, and are more restrictive than the limitations alleged by the claimant. His lifting limitation is inconsistent with the claimant's ability to hold and carry her grandchild, diaper, feed, place him in a carseat, lift the car seat out of the car, push him in a stroller, and take care of all of his needs from when he was an infant until he was three-years-old ([AR 53, 296, 347, 371, 379, 483, 551]). Moreover, Dr. Tauben's statements are inconsistent with the objective findings on examination. The claimant has had no neurological deficits, her gait is normal, sensation, reflexes, and strength have consistently been normal ([AR 348, 514, 530]). It is also inconsistent with no findings of atrophy on examination. The determination of disability is a decision reserved to the Commissioner, and Dr. Tauben's opinion that the claimant is permanently disabled infringes on this issue. His opinion is also inconsistent with her reported activities and imaging, which showed no acute process ([AR 449]). For these reasons, Dr. Tauben's opinion is given little weight.

(AR 17-18.) Plaintiff contends that the ALJ erred in speculating as to her childcare activities, and erred in finding Dr. Tauben's opinion to be inconsistent with the medical evidence because Dr.

1  Tauben is a pain specialist and described her pain to be reasonable in light of the objective
2  evidence. Dkt. 8 at 14.

3  In general, more weight should be given to the opinion of a treating physician than to a
4  non-treating physician, and more weight to the opinion of an examining physician than to a non-
5  examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted
6  by another physician, a treating or examining physician's opinion may be rejected only for "'clear
7  and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).
8  Where contradicted, a treating or examining physician's opinion may not be rejected without
9  "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."
10 *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

11  The Court finds that the ALJ's reasoning with respect to Dr. Tauben's opinions is specific
12  and legitimate. As explained *supra*, the Court finds the ALJ's inferences regarding Plaintiff's
13  childcare activities to be reasonable in light of the evidence in the record showing that Plaintiff
14  cared for her grandson on a full-time basis and even occasionally brought him with her to medical
15  appointments: the physical requirements of this activity is inconsistent with the limitations
16  described by Dr. Tauben, particularly the lifting/carrying restrictions. (*See* AR 593, 598.) It is
17  reasonable to find Dr. Tauben's opinions that Plaintiff can lift no weight to be inconsistent with
18  her ability to care for her grandson while he was an infant and toddler, and to discount his opinions
19  on that basis. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's
20  rejection of a treating physician's opinion that was inconsistent with the claimant's level of
21  activity).

22  Furthermore, the ALJ's reference to evidence that Plaintiff maintained a normal gait, full
23  extremity strength, and had no atrophy also contradicts Dr. Tauben's opinion that Plaintiff was

extremely limited in her ability to lift/carry, sit, or stand. *See* AR 281, 348, 379, 426, 514. This is another valid reason to discount Dr. Tauben's opinions. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Because the ALJ provided specific, legitimate reasons to discount Dr. Tauben's opinions, the ALJ's assessment of those opinions is affirmed.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 5th day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge